**USDC-SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC#:**
**DATE FILED:** 7/14/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAJU GEORGE,

                    Plaintiff,

          v.

PROFESSIONAL DISBOSABLES INT'L,
INC. *et al.*,

                    Defendants.

No. 15-CV-3385 (RA)

ORDER ADOPTING REPORT &
RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Saju George brought this action against his former employer, Professional

Disposables International ("PDI"), and four individual defendants claiming that they unlawfully

discriminated and retaliated against him on the basis of his race, color, national origin and age, and

that they failed to accommodate his disability. Defendant PDI filed a partial motion to dismiss,

seeking to dismiss Plaintiff's claims for (1) "Disparate Treatment and Harrassment/Hostile Work

Environment Based Upon Age Under the Age Discrimination in Employment Act ('ADEA'), as

codified, 29 U.S.C. §§ 621–624"; (2) "Failure to Accommodate Plaintiff Who Suffers From a

Permanent Pain and Limping on His Right Leg Caused by a Workplace related injury"; and (3)

"Discrimination, Disparate Treatment, and Causing/Creating Harassment/Hostile Work

Environment under New York State Human Rights Law [('NYSHRL')], N.Y. Exec Law §§ 290

to 297" on the basis of age.[1]   On April 7, 2016, the motion was referred to Magistrate Judge

Moses, and on June 1, 2016, Judge Moses issued a Report and Recommendation (the "Report"),

---

[1] Defendant also sought to dismiss Plaintiff's Section 1983 claim, alleged in the first and sixth causes of
action, and his claim for *respondeat superior*, asserted in the sixth cause of action, but Plaintiff had already agreed to
voluntarily dismiss these claims. *See* Dkt. 52 and 57.

which recommends that the motion be granted. On June 20, 2016, Plaintiff filed his objections to the Report, and on July 7, Defendant filed its opposition and moved for sanctions against Plaintiff and his counsel. For the reasons that follow, the Court adopts the thorough and well-reasoned Report in its entirety, but denies Defendant's motion for sanctions.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). A district court must review *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Hancock v. Rivera*, No. 09-CV-7233 (CS) (GAY), 2012 WL 3089292, at *1 (S.D.N.Y. July 30, 2012) (internal citation omitted).

## DISCUSSION

### I.    Plaintiff's Objections

Plaintiff raises three objections to Judge Moses's Report. First, he argues that she applies the incorrect standard. Second, he asserts that "he will produce at the time of trial adequate persuasive argument and circumstantial evidence to show that the primary reason for his termination from PDI was based upon his age . . . ." Pl.'s Obj. 11. And third, he argues that his failure to accommodate claim arises "under common law," *id.*, and therefore the Report incorrectly considered it an American with Disabilities Act ("ADA") claim.

2

None of his objections have merit. Judge Moses applied the correct standard of Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* R. & R. 8–9; *id.* at 11–12 (applying *Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015)). Judge Moses also properly rejected Plaintiff's promise that he would produce evidence of discriminatory animus at some future date, and relied on the allegations stated in the complaint, *see id.* at 12, 13, 15, as Rule 12 requires, *see Hayden v. Cty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999) ("In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits and documents incorporated by reference in the complaint."). With respect to his objection that the failure to accommodate claim arises under common law, Plaintiff cites no authority for his position that such a claim is available under the common law, nor is the Court aware of any. Judge Moses thus construed the Amended Complaint as seeking to raise a claim under NYSHRL and the ADA, and correctly concluded that the pleadings failed to state a claim under either statute. *See* R. & R. 16–17.

## II.    Defendant's Motion for Sanctions

Defendant's request that the Court sanction Plaintiff and his counsel pursuant to 28 U.S.C. § 1927 or the Court's inherent powers is a closer question. Defendant argues that Plaintiff's objections "are improperly asserted, patently frivolous, and entirely unsupported by any case law." Def.'s Opp. 9. About this, it is correct. Section 1927, however, only provides that "an attorney . . . who so multiplies the proceedings in any case unreasonably and *vexatiously* may be required to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (emphasis added). Section 1927 thus authorizes the imposition of sanctions solely when "there is a clear showing of bad faith on the part of an attorney." *Shafii*

3

*v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996) (citing *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)).

A court's inherent power to sanction a party, in turn, "stems from the very nature of courts and their need to be able to 'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). "One component of a court's inherent power is the power to assess costs and attorneys' fees against either the client or his attorney where a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 230, 258–59 (1975)). "In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (citing *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 38 (2d Cir.1995)). The Supreme Court has cautioned that because of the "potency" of such powers, they should be exercised "with restrain and discretion." *Chambers*, 501 U.S. at 44.

While the Court shares Defendant's frustration, and agrees that Plaintiff's objections are without legal basis and have thus wasted the Defendant's and the Court's time, it has no evidence that they were made in bad faith. The Court therefore declines to sanction Plaintiff or his counsel at this time. Mr. Viswanathan, however, is now on notice that if, in the future, he files any frivolous motions, objections, or filings in this case—or otherwise fails to comply with the Court's orders in any way—he or his client may be subject to sanctions, including the payment of opposing counsel's attorney's fees.

**Mr. Viswanathan is hereby ordered to show a copy of this opinion and Judge Moses's June 8, 2016 order to his client, and to file an affidavit attesting he has done so no later than July 22, 2016.**

## CONCLUSION

The Court has reviewed the remainder of the Report for clear error, and finding none, adopts Judge Moses's Report in its entirety.   The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 41.

SO ORDERED.

Dated:   July 14, 2016
         New York, New York

_____
Ronnie Abrams
United States District Judge

5