UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/16/16

---

SAJU GEORGE,

          Plaintiff,

     v.

PROFESSIONAL DISBOSABLES
INTERNATIONAL, INC.; DAVID
PENNELLA; JODI KIERNAN; JOSEPH
ZOCALLI; and CUSTER (JAY)
AMARILLO,

          Defendants.

No. 15-CV-3385 (RA)

OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

      Defendants David Pennella, Joseph Zocalli, and Custer (Jay) Amarillo (the "Moving Defendants") move to dismiss the Amended Complaint in this action under Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Mot. to Dismiss (Dkt. 77). Plaintiff Saju George opposes the motion. Dkt. 87. On June 8, 2016, the Court referred the motion to Magistrate Judge Moses. Dkt. 89. On August 31, 2016, Judge Moses issued a Report and Recommendation (the "Report") (Dkt. 98), which recommends granting the Moving Defendants' motion to dismiss for untimely service of process under Rule 12(b)(5) or, in the alternative, granting the Moving Defendants' motion to dismiss portions of the Amended Complaint for failure to state a claim under Rule 12(b)(6). Report at 1. On September 19, 2016, George filed objections to the Report. Dkt. 99. On October 5, 2016, the Moving Defendants responded to George's objections, requesting that the Court affirm the Report and sanction George and his counsel. Dkt. 100. For the reasons that follow, the Court adopts the Report's recommendation to grant the Moving

Defendants' motion to dismiss pursuant to Rule 12(b)(5) and denies the Moving Defendants' request for sanctions.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under Federal Rule of Civil Procedure 72(b), a party may make "specific written objections to the proposed findings and recommendations" within 14 days of being served with a copy of a magistrate judge's recommended disposition. Fed. R. Civ. P. 72(b). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "However, when the objections simply reiterate previous arguments or make only conclusory statements, the Court should review the report for clear error." *Brown v. Colvin*, 73 F. Supp. 3d 193, 197 (S.D.N.Y. 2014). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Hunter v. Lee*, No. 13-CV-5880 (PAE), 2016 WL 5942311, at *1 (S.D.N.Y. Oct. 11, 2016) (quoting *King v. Greiner*, No. 02-CV-5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)).

## LEGAL STANDARD

Rule 12(b)(5) permits a party to move for dismissal of a complaint based on inadequate service of process. Fed. R. Civ. P. 12(b)(5). "In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, a court must look[] to matters outside the complaint to determine whether it has jurisdiction." *Cassano v. Altshuler*, No. 15-CV-1186 (NSR), 2016 WL 2918432, at *2 (S.D.N.Y. May 16, 2016). "Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service." *Vantone Grp. Ltd. Liab.*

2

*Co . v. Yangpu Ngt Indus. Co.*, No. 13-CV-7639 (LTS), 2016 WL 3926449, at \*2 (S.D.N.Y. July

15, 2016) (citation omitted); *accord Khan v. Khan*, 360 Fed. App'x 202, 203 (2d Cir. 2010)

(summary order).

"In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the

content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54,

64 (S.D.N.Y. 2010). Rule 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court –
> on motion or on its own after notice to the plaintiff – must dismiss the action without
> prejudice against that defendant or order that service be made within a specified
> time. But if the plaintiff shows good cause for the failure, the court must extend
> the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[1]

Under Rule 4(m), a district court must grant a plaintiff an extension of time for service if

the plaintiff demonstrates good cause. "The plaintiff bears the burden of proof in showing that it

had good cause in not timely serving the defendant." *AIG Managed Mkt. Neutral Fund v. Askin*

*Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000). "Good cause . . . is evidenced only in

exceptional circumstances, where the insufficiency of service results from circumstances beyond

the plaintiff's control." *Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003). "Good

cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to

the defendant from the delay, and the court should look to whether the plaintiff was diligent in

making reasonable efforts to effect service." *Vantone*, 2016 WL 3926449, at \*2. Furthermore, a

---

[1] As the Report correctly notes, Rule 4(m) was amended, effective December 1, 2015, to reduce the maximum
period of time for service from 120 days to 90 days. *See* Report at 9 n.8; Fed. R. Civ. P. 4(m) advisory committee
notes. George filed the Amended Complaint on December 22, 2015, three weeks after the amendments to Rule 4(m)
became effective. *See* Am. Compl. (Dkt. 37). Accordingly, amended Rule 4(m) governs the timeliness of service of
the Amended Complaint.

"delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." *AIG*, 197 F.R.D. at 108.

Even in the absence of good cause, however, district courts have discretion to grant extensions of time to effect proper service. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007); *see also Mares v. United States*, 627 F. App'x 21, 23 (2d Cir. 2015) (summary order) ("Although an extension of time is required when good cause has been shown, a district court has wide latitude in deciding when to grant extensions absent good cause." (internal citation omitted)). "Factors relevant to the exercise of this discretion include, *inter alia*, the relative prejudice to the parties (including whether the action would be barred by the statute of limitations and whether defendant had actual notice of the suit) and whether there is a 'justifiable excuse' for the failure properly to serve." *Mares*, 627 F. App'x at 23; *see also Soos v. Niagara Cty.*, No. 15-CV-00870 (EAW), 2016 WL 3659139, at \*5 (W.D.N.Y. July 1, 2016); *DeLuca*, 695 F. Supp. 2d at 66.

## DISCUSSION

George does not object to the Report's finding that he failed to serve Defendants within the appropriate period for service. *See* Fed. R. Civ. P. 4(m); Report at 10–13; Pl.'s Obj. at 7. Rather, George argues that dismissal under Rule 12(b)(5) is improper because: (1) George demonstrated good cause for his delay in serving the Moving Defendants; and (2) even if he has not established good cause, the Court should grant an extension as a matter of discretion. *See* Pl.'s Obj. at 7–12. The Court rejects both of these objections.

### A. Good Cause

George first argues that he has demonstrated good cause for his untimely service. Pl.'s Obj. at 7. George's argument consists of a single sentence: "Plaintiff has already put forward his

4

'good faith' efforts in his 'Cross Motion' and the accompanying Declaration and the 'Memorandum of Law.'" Pl.'s Obj. at 7 (citations omitted).

As a threshold matter, the Court must determine the appropriate standard of review for the Report's finding that George did not demonstrate good cause. Rule 72(b)(2) permits a party to file "specific written objections" to a magistrate judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Thus, "[o]bjections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Furthermore, "[i]t is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Molefe*, 602 F. Supp. 2d at 487; *see also Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.").

George's one-sentence objection to the Report's good-cause finding lacks the specificity necessary for the Court to review this finding de novo. Although the Report devotes nearly three pages to George's claim of good cause, George has not argued that the Report's analysis suffers from any specific defects or raised any argument aimed directly at the Magistrate Judge's findings. *See* Pl.'s Obj. at 7. Instead, George asserts that he has "already put forward" his position on the issue of good cause and offers a parenthetical citation to several submissions he made to the

5

Magistrate Judge. *See id.* Thus, rather than making the "specific written objections" Rule 72(b)(2)

requires, George has simply reiterated "the same arguments and positions taken in the original

papers submitted to the Magistrate Judge." *Ortiz*, 558 F. Supp. 2d at 451. Accordingly, the Court

reviews George's objection for clear error.

The Court finds no clear error in the Report's determination that George had failed to

demonstrate good cause for failing to timely serve Defendants. Before the Magistrate Judge,

George asserted that his untimely service was due to "a variety of reasons," including (i) the "very

recent" amendments to Rule 4(m); (ii) the "series of filings that the 'Amended Complaint' went

through"; (iii) his request for an issue of summons, and (iv) a "very tight" discovery schedule.

Pl.'s Mem. in Supp. of Cross-Mot. & in Opp'n to Def.'s Mot. ("Pl.'s Mem.") (Dkt. 87) at 16.

These factors do not establish good cause. First, George's failure to appreciate the consequences

of the amendments to Rule 4(m) is no excuse, for "ignorance of the law" does not "constitute good

cause for untimely service." *Novak v. Nat'l Broad. Co.*, 131 F.R.D. 44, 45 (S.D.N.Y. 1990).

Second, George's "series of filings" of the Amended Complaint was not due to any circumstances

beyond his control, but rather the result of numerous filing errors on the part of his counsel. *See*

Dkts. 21, 24, 28, 37; *Feingold*, 269 F. Supp. 2d at 276 (S.D.N.Y. 2003) ("An attorney's ignorance

of the rules, inadvertence, neglect, or mistake do not constitute good cause."). Third, George's

request for issuance of a summons does not justify his delay, for the summons was necessary for

George to effect service within the time period prescribed by Rule 4(m).[2] Finally, to the extent

that the discovery schedule may have prevented George from serving Defendants on time, George

failed to bring this issue to the Court's attention and to request, as appropriate, an extension of

---

[2] As the Report notes, *see* Report at 15 n.12, the record provides no support for George's assertion, in his memorandum, that the summons was issued on March 22, 2016, *see* Pl.'s Mem. at 16. George supports this assertion by citing to an "Exhibit A," but no exhibits were attached to his memorandum.

time to complete service. *See Cassano*, 2016 WL 2918432, at \*4 (finding that plaintiff's failure

to request an extension of time to complete service "weighs against" a finding of good cause).

Accordingly, the Magistrate Judge did not commit any error, much less clear error, in determining

that George did not demonstrate good cause for failing to timely serve Defendants.

## B. Discretionary Authority

George next objects to the Report's recommendation that the Court decline to exercise its

discretion to excuse George's untimely service, even in the absence of good cause. *See* Pl.'s Obj.

at 8–12. George's objections to this recommendation are sufficiently specific, such that the Court

will review the recommendation de novo. *See* 28 U.S.C. § 636(b)(1).

As discussed above, "a district court may extend the time to serve if, after balancing the

relative prejudice to the parties and considering all relevant factors, it concludes that such an

extension is justified." *Mares*, 627 F. App'x at 23 (citing *Zapata*, 502 F.3d at 198–99). In

determining whether a discretionary extension is appropriate in the absence of good cause, district

courts generally consider:

> (1) whether any applicable statutes of limitations would bar the action once refiled;
> (2) whether the defendant had actual notice of the claims asserted in the complaint;
> (3) whether defendant attempted to conceal the defect in service; and (4) whether
> defendant would be prejudiced by extending plaintiff's time for service.

*DeLuca*, 695 F. Supp. 2d at 66; *see also Soos*, 2016 WL 3659139, at \*5.  Balancing these factors,

the Court finds that a discretionary extension is not justified.

First, considerations of applicable statutes of limitations weigh in George's favor, for at

least some of his claims may be time-barred once refiled. The Amended Complaint alleges that

the Moving Defendants violated two statutes: the Age Discrimination in Employment Act of 1967

("ADEA"), Am. Compl. ¶¶ 58–62, and the New York State Human Rights Law ("NYHRL"), N.Y.

7

Exec. Law § 290 *et seq.*, Am. Compl. ¶¶ 69–73. On the record before the Court, George's ADEA claims are already time-barred, but his NYHRL claims are not.

Under the ADEA, "a plaintiff can sue in federal court only after filing timely charges with the EEOC." *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006) (citing 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(f)(1)). An ADEA plaintiff must then bring an action no later than 90 days after receiving notice that the EEOC has dismissed her charge or otherwise dismissed the proceedings—a notice commonly referred to as a "right-to-sue letter." 29 U.S.C. § 626(e); *see, e.g., Francis v. Elmsford Sch. Dist.*, 442 F.3d 123, 127 (2d Cir. 2006); *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996). The EEOC notified George that it had dismissed his charge on January 30, 2015, *see* Am. Compl. 34–35, and George filed his initial complaint exactly 90 days later, on April 30, 2015, *see* Compl. (Dkt. 1). However, George did not file the Amended Complaint until December 22, 2015, well beyond the 90-day period the ADEA requires. *See* Am. Compl. Thus, even if the Court were to grant George an extension of time to serve the Moving Defendants with the Amended Complaint, his ADEA claims would be time-barred.[3]

Claims brought under the NYHRL are subject to a three-year statute of limitations. *See Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012); N.Y. C.P.L.R. 214(2). This three-

---

[3] Notably, although George's ADEA claims may have been timely when he filed his initial complaint, his ADEA claims in the Amended Complaint would not be deemed timely under Rule 15(c), which governs the relation back of amendments. Rule 15(c) provides that an amendment to a pleading may relate back to the date of the original pleading under certain circumstances. *See* Fed. R. Civ. P. 15(c). Under Rule 15(c)(1)(C), however, an amendment that names a new party does not relate back to the original pleading unless, "within the period provided by Rule 4(m)," the new party "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). In this case, George's initial complaint, filed April 30, 2015, named only PDI, *see* Compl.; his Amended complaint, filed December 22, 2015, named the Moving Defendants, *see* Am. Compl. As discussed below, George has not shown that the Moving Defendants received adequate notice of the action, or knew or should have known that the action would be brought against them, within the time period provided by Rule 4(m). As a result, the ADEA claims in the Amended Complaint would not relate back to the date of the original complaint and would not be timely. *See* Fed. R. Civ. P. 15(c)(1)(C).

year period "is tolled for the period between the filing of an EEOC charge and the issuance by the EEOC of a right-to-sue letter." *DeNigris v. N.Y.C. Health & Hosps. Corp.*, 861 F. Supp. 2d 185, 192 (S.D.N.Y. 2012). George filed his charge with the EEOC on July 3, 2014, *see* Aff. of David W. Garland Ex. A (Dkt. 42-1), at 12, and the EEOC issued its right-to-sue letter 211 days later, on January 30, 2015, *see* Am. Compl. at 34–35. The statute of limitations was therefore tolled for 211 days, and George remains free to bring any NYHRL claims based on events that occurred within the previous three years and 211 days—a period that began around April 2013. The Amended Complaint alleges that many of the events relevant to George's claims occurred during this period. *See, e.g.*, Am. Compl. ¶¶ 4, 18, 31–36, 38, 39–40. If George refiles his complaint, it is possible that his NHYRL claims would be time-barred. Therefore, considerations of applicable statutes of limitations weigh in George's favor. *See DeLuca*, 695 F. Supp. 2d at 66.

Second, George has not clearly demonstrated that the Moving Defendants had "actual notice of the claims asserted in the complaint." *Id.*[4] George's memorandum asserts that the Moving Defendants "had complete knowledge of the allegations in the Complaint" because they were employees of PDI, which was named in George's initial complaint. Pl.'s Obj. at 9–10. In addition, George argues that the Moving Defendants were on notice of the action against them because they appeared at the offices of George's counsel for depositions, as part of his action against PDI, on February 19, 2016. Pl.'s Obj. at 10. George has not, however, supported these arguments with any admissible evidence, such as affidavits from PDI employees or from any individuals present at the February 19, 2016 depositions. Even assuming that the facts asserted

---

[4] "'Actual notice' is a legal term of art that refers to 'notice given directly to, or received personally by, a party.'" *Brody v. Village of Port Chester*, No. 00-CV-7481 (HB), 2007 WL 735022, at *6 (S.D.N.Y. Mar. 12, 2007) (quoting *Black's Law Dictionary* 1087 (7th ed. 1999)); *see also Dusenbery v. United States*, 534 U.S. 161, 169 n.5 (2002) (equating "actual notice" with "receipt of notice").

in George's memorandum are true,[5] George has not explained how the Moving Defendants'

knowledge, if any, of a pending lawsuit against their employer provided "actual notice" of the

claims against *them* as individuals. Appearing for depositions in an action brought against their

employer nearly ten months earlier, the Moving Defendants may have reasonably believed that

George did not intend to sue them in their individual capacities. Accordingly, considerations of

notice to the Moving Defendants do not weigh in favor of granting George a discretionary

extension.

Third, as George concedes in his memorandum, there has been no showing that

Defendants "attempted to conceal the defect in service." Pl.'s Obj. at 7; *DeLuca*, 695 F. Supp.

2d at 66. Indeed, as the Report notes, the Moving Defendants sought dismissal of the Amended

Complaint under Rule 12(b)(5) approximately one month after receiving the summons and

Amended Complaint.

With respect to prejudice, the Court recognizes "the possibility of prejudice insofar as

extending the service period beyond the statute of limitations period for the action imposes a

corresponding prejudice on defendants." *Cassano*, 2016 WL 2918432, at \*4 (internal quotation

marks omitted). Moreover, the Court notes the potential prejudice of permitting George to add

the Moving Defendants as parties to this action more than two months after fact discovery

closed. *See* Case Management Plan & Scheduling Order (Dkt. 15-1); Letter from David W.

Garland to Hon. Ronnie Abrams (Feb. 19, 2016) (Dkt. 50). In light of George's failure to effect

timely service, it is unclear whether the Moving Defendants were able to meaningfully

---

[5] PDI has previously represented that the depositions of Pennella, Zocalli, and Amarillo were being conducted on February 19, 2016, as George alleges here. *See* Letter from David W. Garland to Hon. Ronnie Abrams 2 (Feb. 19, 2016) (Dkt. 50).

10

participate in fact discovery. Therefore, the Court finds that the Moving Defendants may be prejudiced if the Court extends George's time for service.

The Court is mindful of the longstanding "preference that litigation disputes be resolved on the merits." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995); *see also AIG*, 197 F.R.D. at 110 (cautioning against "extinguish[ing] potentially meritorious claims without there being an opportunity to have them adjudicated on the merits"). Here, however, there is simply "no acceptable explanation" for George's failure to even attempt to serve the Moving Defendants within the appropriate time period under Rule 4(m), or request an extension to do so. Report at 19. George's failures are all the more unacceptable in light of the fact that he had repeatedly missed deadlines for filing his Amended Complaint, leading the Court to issue an explicit warning that "Plaintiff is on notice that the Court will not accept late filings in the future." Mem. Endorsement at 2 (Dec. 10, 2015) (Dkt. 20).

On balance, the factors relevant to the Court's determination whether to excuse a party's untimely service do not ultimately weigh in George's favor. Accordingly, the Court declines to exercise its discretion to grant George an extension of time to serve the Moving Defendants.

### C. Sanctions

Finally, the Moving Defendants request that the Court impose sanctions on George and George's attorney for filing "another set of objections that are procedurally improper and entirely lacking in merit." Moving Defs.' Mem. of Law in Resp. to Pl.'s Obj. ("Defs.' Resp.") (Dkt. 100) at 7. The Court denies this request.

The Court may impose sanctions under both 28 U.S.C. § 1927 and its inherent authority. Section 1927 provides, in relevant part, that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the

excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Imposition of a sanction under § 1927 requires a 'clear showing of bad faith.'" *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) (quoting *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1010 (2d Cir. 1986)). A district court may also impose sanctions under its inherent authority, which includes "the power to assess costs and attorneys' fees against either the client or his attorney where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991) (internal quotation marks omitted). Sanctions made pursuant to either § 1927 or the court's inherent power are "proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri*, 803 F.2d at 1273.

The Moving Defendants have not demonstrated that sanctions are appropriate in this case. The Moving Defendants criticize George's objections to the Report as "general," "conclusory," "entirely unsupported," and "based on factual and legal arguments that were never raised" before the Magistrate Judge. Defs.' Resp. at 7. While the Court agrees that George's objections lack merit, the Court finds no "clear showing of bad faith" on the part of George or George's attorney. *Oliveri*, 803 F.2d at 1273. Accordingly, the Court denies the Moving Defendants' request for sanctions.

## CONCLUSION

The Court has reviewed the remainder of the Report for clear error and finds none.[6] Accordingly, the Court adopts the Report's recommendation that the Amended Complaint be

---

[6] Because the Court grants the Moving Defendants' motion to dismiss the Amended Complaint pursuant to Rule 12(b)(5), it need not address their alternative basis for dismissal, pursuant to Rule 12(b)(6). *See* Mot. to Dismiss (Dkt. 77).

dismissed without prejudice as to Defendants David Pennella, Joseph Zocalli, and Custer "Jay" Amarillo, pursuant to Rule 12(b)(5).  The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 77 and 83.

SO ORDERED.

Dated:    November 16, 2016
          New York, New York

                                        _____
                                        Ronnie Abrams
                                        United States District Judge

13