UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAJU GEORGE,

            Plaintiff,

v.

PROFESSIONAL DISBOSABLES
INTERNATIONAL, INC.; DAVID
PENNELLA; JODI KIERNAN; JOSEPH
ZOCALLI; and CUSTER (JAY)
AMARILLO,

            Defendants.

No. 15-CV-3385 (RA)

<u>OPINION AND ORDER</u>

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Saju George brings this discrimination action against his former employer, Defendant Professional Disposables, Inc. ("PDI"). Before the Court is George's motion to dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). For the reasons set forth below, George's motion is denied.

## BACKGROUND

PDI is a global manufacturer and supplier of medical supplies. *See* Am. Compl. ¶ 1 (Dkt. 37). George alleges that he immigrated to the United States in the 1990s and began working as a machine operator at PDI's Orangeburg, New York facility in 1997. *See id.* ¶¶ 1, 15. On January 16, 2014, PDI allegedly terminated his employment. *See id.* ¶ 3.

On April 30, 2015, George and his wife filed a complaint against PDI, alleging, among other things, that he was terminated on the basis of his national origin, race, and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, the Age Discrimination in

Employment Act of 1967, and the New York State Human Rights Law. *See* Dkt. 1. On July 31, 2015, PDI filed an answer. Dkt. 4. On December 22, 2015, after receiving an extension, George filed an amended complaint against PDI and several of its employees. Dkt. 37. On December 29, 2015, PDI filed a partial motion to dismiss, Dkt. 41, which George opposed in a brief filed on January 16, 2016, Dkt. 45.

Over the next several months, the parties engaged in discovery before Magistrate Judge Moses. The parties exchanged documents and took depositions. Several disputes eventually arose and required the intervention of Judge Moses. See Dkts. 64, 66. During discovery, Judge Moses repeatedly faulted George's counsel for his conduct. For example, Judge Moses was forced to adjourn the initial discovery conference when George's counsel "failed to appear, without excuse." Dkt. 61. In addition, Judge Moses found that George had failed to comply with local rules requiring a party to confer in good faith with the opposing party before seeking a discovery conference and that George's objections to defendants' responses to his discovery demands were not timely. *See* Dkt. 66.

The Court then dismissed most of George's claims against PDI and all his claims against the individual defendants. Specifically, on July 14, 2016, the Court adopted Judge Moses's recommendation to grant PDI's partial motion to dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6). *See* Dkt. 96. Although the Court declined to impose sanctions against George and his counsel, the Court noted that George's objections to Judge Moses's report and recommendation were "without legal basis and have thus wasted the Defendant's and the Court's time." *Id.* at 4. The Court warned George's counsel that "if, in the future, he files any frivolous motions, objections, or filings in this case—or otherwise fails to comply with the Court's orders in any way—he may be subject to sanctions." *Id.* On November

2

16, 2016, the Court adopted Judge Moses's recommendation to grant the individual defendants' motion to dismiss the Amended Complaint based on inadequate service of process pursuant to Rule 12(b)(5). *See* Dkt. 101.

On November 22, 2016, PDI requested the Court's permission to file a motion for summary judgment. Dkt. 102. The Court granted PDI's request and set a briefing schedule. Dkt. 103. George did not oppose the briefing schedule or submit any response indicating that he did not intend to oppose PDI's motion and proceed with his claims.

On December 22, 2016, PDI filed its motion for summary judgment. Dkt. 105. The same day, George filed a motion to dismiss his claims without prejudice. Dkt. 104. The Court issued an order indicating that George's motions did not address the relevant legal standards for a Rule 41(a)(2) motion, as set forth in *Zagano v. Fordham University*, 900 F.2d 12 (2d Cir. 1990), and directed him to submit a letter brief in support of his motion. *See* Dkt. 112.

On February 21, 2017, George submitted a letter in response to the Court's order. *See* Dkt. 113. George's letter indicated that he sought dismissal because he intended to sue PDI and the individual defendants in state court. *See id.* On February 23, 2017, PDI submitted a letter in response to George's submission. *See* Dkt. 114. PDI's letter attached an e-mail PDI's counsel sent to George's counsel on November 17, 2016, in which PDI asked whether George would be willing to dismiss his remaining claims with prejudice rather than proceeding to summary judgment. *See id.* PDI's letter also attached a complaint filed by George in state court on January 16, 2017—one week before George's response to PDI's motion was due—alleging the same injuries as those asserted in this action. *See id.*

3

## LEGAL STANDARD

Rule 41(a)(2) provides that, except where all parties agree to a stipulation of dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In evaluating a plaintiff's motion to dismiss without prejudice, a court considers the five so-called *Zagano* factors: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). "[N]o one factor is dispositive," *Am. Fed'n of State, Cty. & Mun. Emps. Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No. 12-CV-2237 (JPO), 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013), but "[t]he focus of the analysis on a motion for voluntary dismissal is prejudice to the defendant," *Paulino v. Taylor*, No. 15-CV-5869 (RWS), 2017 WL 1080081, at *1 (S.D.N.Y. Mar. 15, 2017) (internal quotation marks omitted).

## DISCUSSION

In this case, each of the relevant factors weighs against dismissal without prejudice under to Rule 41(a)(2). First, George was not diligent in bringing his motion. This action has been pending for nearly two years. At several junctures, George could have attempted to dismiss his remaining claims but chose not to do so. For example, George did not bring this motion when the Court granted PDI's partial to dismiss or dismissed his claims against the individual defendants. He did not respond to PDI's request that he dismiss his remaining claims, even though PDI informed him that it would otherwise file a motion for summary judgment. When the Court set a briefing schedule for PDI's motion for summary judgment, George did not file an opposition or

communicate any intent to dismiss his claims to PDI or the Court. Instead, despite these opportunities to seek dismissal of his claims, George waited until the day that PDI's motion for summary judgment was due to file his motion to dismiss. Under *Zagano*, George's delay weighs against granting his motion. *See Zagano*, 900 F.2d at 14.

Second, George was unduly vexatious in bringing this motion. "Vexatiousness refers to instances in which the case was brought to harass the defendant, or the plaintiff had 'ill-motive.'" *Paulino*, No. 15-CV-5869 (RWS), 2017 WL 1080081, at *2 (internal quotation marks omitted). "Courts find ill-motive where, for example, the plaintiff never had any intention of providing discovery in the case but nonetheless permitted the case to proceed, thereby seeking the advantage of filing its charges without having to support them; or where the plaintiff filed duplicative actions relating to the same injury; or where the plaintiff assured the court it would proceed with its claims but then goes back on their word and seeks dismissal." *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01-CV-9649 (JFK), 2006 WL 3456521, at *5 (S.D.N.Y. Nov. 30, 2006) (alterations omitted) (internal quotation marks omitted). Here, George evinced "ill motive" by providing PDI and the Court every indication that he would proceed with his claims before filing this motion. *Id.* In particular, George declined PDI's request to voluntarily dismiss his claims rather than proceeding to summary judgment, and he filed no opposition or other response to the Court's briefing schedule on PDI's motion for summary judgment. Only when PDI's motion was due did George seek dismissal without prejudice. George likewise acted with ill motive by "fil[ing] duplicative actions related to the same injury." *Id.* Specifically, less than one month after PDI filed its motion for summary judgment, and one week before his response was due, George commenced an action relating to the same injuries in state court. *See* Dkt. 114. George's course

5

of conduct therefore demonstrates "undue vexatiousness" that weighs against dismissal without prejudice. *Zagano*, 900 F.2d at 14.

Third, this case has progressed to a prejudicial point. "The extent to which a suit has progressed is considered by many courts in the Second Circuit to be of primary importance." *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05-CV-3939 (CM), 2008 WL 4127549, at *7 (S.D.N.Y. Sept. 2, 2008) (internal quotation marks omitted); *see also Baldanzi v. WFC Holdings Corp.*, No. 07-CV-9551 (LTS), 2010 WL 125999, at *4 (S.D.N.Y. Jan. 13, 2010) ("Courts applying the *Zagano* factors frequently place the greatest emphasis on the efforts expended by the defendant in discovery and trial preparation and the corresponding prejudice the defendant would suffer if forced to relitigate."). "The standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred." *Paulino*, No. 15-CV-5869 (RWS), 2017 WL 1080081, at *3 (internal quotation marks omitted). In this case, the parties completed discovery over one year ago. Discovery appears to have been costly: the parties took several depositions and engaged in disputes that required the intervention of a magistrate judge. Moreover, the case has reached summary judgment, and George filed his motion on the same day that PDI filed its motion for summary judgment. Accordingly, consideration of the progress of this litigation, and PDI's efforts and expenses in preparing for trial, also weighs against granting George's motion. *See, e.g., Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F. Supp. 2d 569, 572 (S.D.N.Y. 2004) (denying a plaintiff's motion to dismiss without prejudice because, *inter alia*, "[d]iscovery has concluded, and defendant has brought on a motion for summary judgment, to which plaintiff has made a patently inadequate response and which is sub judice").

Fourth, the "duplicative expense of relitigation" also weighs against dismissal without prejudice. *Zagano*, 900 F.2d at 14. As discussed above, PDI's effort and expense in defending against George's claims has been significant: over the last two years, PDI has completed discovery, successfully moved to dismiss several of George's claims, and moved for summary judgment. In light of George's filing suit against PDI in state court for the same injuries nearly one month after PDI filed its motion for summary judgment, PDI would be forced to duplicate its efforts and expenses if this action were dismissed without prejudice.

Finally, George's explanation for seeking dismissal is inadequate. George claims that he seeks to dismiss this case so that he may bring a lawsuit arising from the same injuries in state court. However, if George "seeks to dismiss at this late stage in order to gain a second opportunity to litigate [his claims] before a state court judge or jury, that would be an improper and vexatious use of Rule 41(a)(2)." *Roh v. Devack*, No. 3:07-CV-1901 (CSH), 2011 WL 1363789, at *3 (D. Conn. Apr. 11, 2011). George has provided no other explanation for seeking to dismiss his claims. Accordingly, the "the adequacy of plaintiff's explanation for the need to dismiss" does not weigh in favor of dismissal without prejudice. *Zagano*, 900 F.2d at 14.

In sum, the Court finds that George has not satisfied the criteria for dismissing his remaining claims without prejudice pursuant to Rule 41(a)(2).

## CONCLUSION

For the reasons set forth above, George's motion to dismiss without prejudice is denied. Under *Gravatt v. Columbia University*, 845 F.2d 54 (2d Cir. 1988), "a district judge may convert a dismissal sought to be entered without prejudice to one with prejudice" after providing the plaintiff an opportunity "to withdraw his motion and proceed with the litigation." *Id.* at 56; *see also, e.g., Bosco v. United States*, No. 14-CV-3525 (JFK), 2016 WL 5376205, at *15 (S.D.N.Y.

7

Sept. 26, 2016). The Court hereby gives George notice that, for the reasons discussed above, it intends to convert his motion to dismiss without prejudice into one with prejudice. George may withdraw his motion and proceed with this litigation. If George does not inform the Court that he intends to withdraw his motion by May 9, 2017, the Court will dismiss this action with prejudice. If George elects to withdraw his motion, his response to PDI's motion for summary judgment shall be filed no later than May 16, 2017. No extensions shall be granted.

The Clerk of Court is respectfully directed to terminate the motion pending at Docket No. 104.

SO ORDERED.

Dated: May 2, 2017
New York, New York

Ronnie Abrams
United States District Judge