USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 5/1/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAJU GEORGE,

      Plaintiff,

v.

PROFESSIONAL DISPOSABLES
INTERNATIONAL, INC.,

      Defendant.

No. 15-CV-3385 (RA)

MEMORANDUM OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

On November 21, 2017, for reasons stated on the record, the Court ordered Plaintiff's counsel, Ganesh N. Viswanathan, to show cause by December 15, 2017, why he should not be sanctioned for his conduct in this case. On December 15, Mr. Viswanathan submitted a letter responding to that order. In response, Defendant[1] submitted a letter reiterating its prior request for sanctions and cataloguing the times that Plaintiff's counsel failed to meet deadlines or otherwise failed to comply with Court orders throughout the pendency of this case. *See* Dec. 20, 2017 Letter (Dkt. 173). The Court thereafter ordered Defendant's counsel to submit an affidavit and billing records detailing the time that Defendant asserts was expended as a result of Mr. Viswanathan's most recent pretrial and trial conduct (from October 12, 2017 to the conclusion of trial). *See* Dec. 21, 2017 Endorsed Letter (Dkt. 177). Defendant's counsel did so, *see* Garland Aff. (Dkt. 178), and the Court permitted Mr. Viswanathan to respond, *see* Jan. 8, 2018 Order (Dkt. 180). In that response, Mr. Viswanathan requested further opportunity to be heard. *See* Viswanathan Reply Aff. at 18 (Dkt. 183). That request is denied—Mr. Viswanathan has had ample warning of the

---

[1] Professional Disposables International, Inc., was the only Defendant remaining in the case at the time the Court entered judgment. The Clerk of Court is respectfully directed to edit the caption accordingly.

grounds for which the Court is considering sanctioning him and has been given numerous opportunities to respond orally in Court as well as in writing. *See generally Wynder v. McMahon*, No. 99-CV-772 (ILG) (CLP), 2013 WL 1759968, at *9 (E.D.N.Y. Apr. 24, 2013) ("The essence of the opportunity to be heard is the 'opportunity to present reasons, either in person or in writing, why proposed action should not be taken.'" (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985))), *aff'd*, 565 F. App'x 11 (2d Cir. 2014). The Court has reviewed the relevant submissions and, for the reasons stated below, grants in part and denies in part Defendant's request for sanctions.

As early as 2015, Mr. Viswanathan failed to timely submit filings in this case. *See* Dec. 10, 2015 Order (Dkt. 23) (granting Mr. Viswanathan's belated request for late acceptance of Plaintiff's amended complaint, but warning him that late filings were unacceptable). Despite multiple warnings, Mr. Viswanathan's conduct persisted and worsened over the course of this litigation: he regularly filed documents late, *see, e.g.*, February 19, 2016 Order (Dkt. 52), June 8, 2016 Order (Dkt. 90) (noting that it was at least the sixth time that Mr. Viswanathan had missed a filing deadline)[2]; he failed to appear at a discovery conference before Magistrate Judge Moses without excuse, *see* Mar. 17, 2016 Order (Dkt. 61); and he has failed to comply with this Court's (and Magistrate Judge Moses's) Individual Rules and orders on other occasions, *see, e.g.*, June 8, 2016 Order (Dkt. 90) (noting that Mr. Viswanathan has "consistently failed to abide" by the rule requiring parties to consult with opposing counsel and seek consent for extensions of time); Oct. 26, 2017 Endorsed Letter (Dkt. 161) (noting Mr. Viswanathan's failure to submit pretrial materials according to this Court's Individual Rules); Nov. 1, 2017 Endorsed Letter (noting Mr.

---

[2] By this Court's count, Mr. Viswanathan filed no fewer than seven requests for extensions of time or for the Court to accept late-filed documents. *See, e.g.*, Dkts. 17, 20, 38, 46, 88, 126, 132. Mr. Viswanathan missed deadlines at other times as well, some of which the Court then *sua sponte* extended. *See, e.g.*, Oct. 26, 2017 Endorsed Letter (Dkt. 161).

2

Viswanathan's failure to submit affidavits to the Court in accordance with the Court's prior order). Both Magistrate Judge Moses and this Court have repeatedly warned Mr. Viswanathan that his failure to comply with court rules and orders is unacceptable and potentially sanctionable. *See, e.g.*, June 8, 2016 Order (Dkt. 90); July 14, 2016 Order Adopting R&R at 4 (Dkt. 96); July 24, 2017 Hearing Transcript at 16–17 (Dkt. 144); Oct. 26, 2017 Endorsed Letter (Dkt. 161).

Mr. Viswanathan's behavior did not improve during the lead up to trial. Among other things, he failed to timely cooperate with opposing counsel to submit the required pretrial materials, *see, e.g.*, Oct. 26, 2017 Endorsed Letter (Dkt. 161), submitted affidavits that he had—at best—notarized with the wrong date, *see* Trial Transcript at 4–7 (Dkt. 187), and appeared for trial with many exhibits that were functionally unusable because they "included several different documents that were improperly combined," *see* Garland Aff. at 8; Trial Transcript at 19, 45–47, 66, 287–89 (Dkts. 187, 191). Some of the exhibits were also missing pages. Trial Transcript at 76–79 (Dkt. 187). To avoid delays, Defendant's counsel volunteered to assist Mr. Viswanathan in sorting through those exhibits and essentially did Mr. Viswanathan's work for him in organizing them. *See* Garland Aff. at 8–9; *see also, e.g.*, Trial Transcript at 66, 75 (Dkt. 187). According to Mr. Viswanathan's reply submission, he "reluctantly kept quiet" in the face of Defendant's offer to assist with his exhibits because he was "too tired" due to "weeks of continuous work without sleep" and his bad health at the time. *See* Viswanathan Reply Aff. at 13. But the time spent by Defendant's counsel on Plaintiff's exhibits during trial—four hours, according to Defendant's submissions—was indisputably time that Plaintiff's counsel should have spent on his own before trial. *See* Garland Aff. at 9.

Although the Court is sympathetic to Mr. Viswanathan's medical condition, he has only now informed the Court of that condition's effect on his ability to participate in and be prepared

3

for trial. It was his responsibility to request an adjournment on that basis or withdraw as counsel if he did not have the time or energy necessary to proceed with the case as scheduled. He did not do so. *See* Viswanathan Reply Aff. at 12–13. Moreover, even if Plaintiff's counsel had objected to Defendant's assistance and had insisted on doing the work himself, the Court has serious doubts as to whether Mr. Viswanathan would have been able to complete the necessary work without unduly delaying trial.

Despite the numerous failings by Plaintiff's counsel throughout this case, the Court concludes that Mr. Viswanathan did not act in bad faith. Even so, this Court's inherent powers include "the power to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom," and the Court can order such sanctions even "without a finding of bad faith." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000). Here, Mr. Viswanathan's repeated failures to comply with Court orders, rules, and procedures—including by failing to submit documents to opposing counsel and to the Court in a usable and timely manner, *see, e.g.*, Oct. 26, 2017 Endorsed Letter (Dkt. 161); Nov. 1, 2017 Endorsed Letter (Dkt. 164)—is unacceptable from an officer of the court. *See Seltzer*, 227 F.3d at 41 (noting that disrupting or delaying proceedings and violating court orders can amount to "negligent or reckless failure[s] to perform [a lawyer's] responsibility as an officer of the court" that may justify sanctions even absent bad faith). Based on the accumulation of Mr. Viswanathan's conduct throughout this case and, particularly, his conduct during the weeks preceding and during trial as described above, the Court finds that sanctions are

appropriate and necessary to impress upon Mr. Viswanathan the unacceptable nature of his behavior.[3]

Defendant's counsel originally requested an open-ended sum of attorneys' fees as a sanction. *See* Dec. 20, 2017 Letter at 3–4 (Dkt. 173). This Court then ordered Defendant's counsel to submit an affidavit and billing records for the time Defendant's counsel spent due to Mr. Viswanathan's conduct during trial and the lead-up thereto. *See* Dec. 21, 2017 Endorsed Letter (Dkt. 177). In response, Defendant's counsel requested attorneys' fees in the amount of $8,854 for over 16 hours of work that counsel averred was attributable to Mr. Viswanathan's improper conduct during the relevant period. *See* Garland Aff. at 2, 4–5. Of that amount, Defendant's counsel alleges that they spent four hours, worth $1,873.50 in fees, reorganizing Mr. Viswanathan's trial exhibits.

In light of Mr. Viswanathan's profuse and repeated apologies to the Court for his conduct—as well as his representations that he has a medical condition that affected him during the relevant time period, that he intends to take a sabbatical from his legal practice for some time, and that he took on this case and others *pro bono* despite his solo practice's financial hardship, *see, e.g.*, Viswanathan Reply Aff. at 2–3, 7—the Court will exercise its inherent authority to grant Defendant's motion only as to its counsel's time spent reorganizing Plaintiff's exhibits during

---

[3] Mr. Viswanathan argues that he should not be sanctioned in this case because all of his actions were taken "in the utmost interest of the client" and thus require a finding of bad faith to be sanctionable. *See* Viswanathan Reply Aff. at 15. The Court is not, however, sanctioning Mr. Viswanathan for any "excesses in conduct of the sort that is normally part of the attorney's legitimate efforts at zealous advocacy for the client." *Seltzer*, 227 F.3d at 40. Rather, the Court is sanctioning Mr. Viswanathan for his untimely submissions, his disregard of Court rules and instructions, and his disorganization and lack of preparation at trial—actions that certainly were not taken "on behalf of" his client in the way that the Second Circuit intended in *Seltzer*. *Id.* at 40–41. The Court thus need not find that Mr. Viswanathan acted in bad faith here.

trial.[4] The Court grants this part of Defendant's motion in particular due to the acute unfairness of charging Defendant (or Defendant's counsel) to do the work that indisputably should have been done by Mr. Viswanathan prior to trial. The Court further finds that Defendant's requested monetary sanction for its counsel's time organizing Plaintiff's exhibits is reasonable under the circumstances of this case, both in terms of hours spent and hourly rates.

Although the Court is cognizant of the desire to do good that has driven Mr. Viswanathan to take on so many cases *pro bono*, it feels an obligation to the legal profession generally, and to Defendant specifically, to sanction him in this case. Taken together, Mr. Viswanathan's various failures to comply with this Court's orders and rules—of which his failure to submit orderly exhibits is just an example—"interfere[d] with" this Court's ability to manage trial proceedings and, but for Defendant's volunteered assistance, would have hindered the Court in "achiev[ing] the orderly and expeditious disposition" of the case. *See Seltzer*, 227 F.3d at 41, 42 (citation omitted). Thus, the Court grants Defendant's request for sanctions in the amount of $1,873.50, which shall be recoverable against only Mr. Viswanathan, and not Plaintiff himself, who is blameless for Mr. Viswanathan's sanctionable conduct in this case. In light of Mr. Viswanathan's representation that he intends to go on sabbatical from his legal practice for some time, the Court

---

[4] Mr. Viswanathan asserts that the Court may not grant any monetary sanctions in this case because it "categorically denied any grant of monetary costs" on the final day of trial. Viswanathan Reply Aff. at 3. But he misreads the transcript. *See* Trial Transcript at 283–85 (Dkt. 191). On November 16, 2017, the Court (1) allowed Mr. Viswanathan to explain why, in his view, he should not be sanctioned, (2) reserved ruling on whether sanctions were appropriate, (3) explicitly noted that it was "considering imposing sanctions, either monetary or nonmonetary, under [the Court's] inherent authority" and under 28 U.S.C. § 1927, and (4) ordered Mr. Viswanathan to show cause in writing why he should not be sanctioned. *See* Trial Transcript at 284–92 (Dkt. 191). In an effort to guide Plaintiff's arguments in his response to that order, the Court also quoted a case that had required a finding of bad faith to impose monetary sanctions for certain types of conduct. *See id.* at 283–84. Later, the Court clarified that, under *Seltzer*, it has the power to impose monetary sanctions under its inherent authority even absent bad faith for "conduct not inherent to client representation," including for "violations of court orders[.]" *See* Jan. 8, 2018 Order (Dkt. 180) (quoting *Seltzer*, 227 F.3d at 42). The Court thus gave Mr. Viswanathan clear notice that it was considering sanctioning him under *Seltzer*, and it further gave him an opportunity to respond to that clarification in writing—which he did. *See id.*; Viswanathan Reply Aff. at 14–18.

declines to order him to attend continuing legal education courses at this time. If and when Mr. Viswanathan returns to his practice, however, he would be well advised to attend classes on litigation and/or trial practice and procedure and to take on only those cases that he can responsibly manage at once.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: May 1, 2018
New York, New York

Ronnie Abrams
United States District Judge